IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

---

VALLEY FORGE INSURANCE COMPANY,

Plaintiff,

v.

AQUAWOOD, LLC and BRIAN DUBINSKY,

Defendants.

Case No. 0:24-cv-03769-JRT-DTS

**OBJECTIONS TO MAGISTRATE JUDGE SCHULTZ'S ORDER DENYING MOTION TO STAY PROCEEDINGS PENDING APPELLATE DECISION**

---

## INTRODUCTION

Under Federal Rule of Civil Procedure 72(a), Defendants Aquawood LLC and Brian Dubinsky (collectively, the "Insureds") respectfully object to Magistrate Judge Schultz's April 30, 2025 oral ruling from the bench denying the Insureds' motion to stay proceedings pending appellate decision. *Compare generally* ECF No. 42, *with* 04/30/2025 Hrg. Tr. (collectively, "Order"). The Order is clearly erroneous and contrary to law, and this Court should overrule and vacate it.

Because a stay of proceedings is warranted where a pending appellate decision is likely to have a dispositive or significant impact on the issues before this Court and because the Order failed to recognize that judicial economy, avoidance of unnecessary litigation, and fairness to the parties support staying this case, the Order should be overturned, and this declaratory judgment action should be stayed pending the resolution of the appellate proceedings.

## THE *GENERAL STAR* APPEAL

On January 21, 2025, this Court entered a declaratory judgment in favor of an insurance company and against Nonparties Toy Quest, Ltd., Samson Chan, Alan Chan, and Lisa Liu (the "Hong Kong Insureds"), holding, as a matter of first impression, that the insurance company has no duty to defend or indemnify the Hong Kong Insureds in an underlying action,[1] which the Hong Kong Insureds have appealed to the United States Court of Appeals for the Eighth Circuit. *General Star Indemnity Co. v. Toy Quest, Ltd.*, No. 0:22-CV-02258-JRT-DTS, 2025 WL 253413, at *7 (D. Minn. Jan. 21, 2025), *appeal docketed*, No. 25-1284 (8th Cir. Feb. 11, 2025) ("*General Star* Appeal"). The *General Star* Appeal presents legal questions that are directly relevant to the claims and defenses in this matter.

As factually relevant, General Star Indemnity Co. ("General Star") issued a primary commercial general liability policy to Toy Quest for the policy period of January 2, 2015, to February 1, 2016. ECF No. 34-1; Compl. ¶ 1, *General Star Indemnity Co.*, No. 0:22-CV-02258-JRT-DTS, ECF No. 1. General Star also issued an excess liability policy to Toy Quest Ltd. for the policy period of January 2, 2015, to February 1, 2016 (together, the "General Star Policies"). Compl. ¶ 2, *General Star Indemnity Co.*, No. 0:22-CV-02258-JRT-DTS, ECF No. 1. Toy Quest is an insured under the policies. *Id.* ¶ 20.

[1] Defendants Aquawood and Dubinsky are also named as defendants in the underlying action.

In March 2019, Nonparty ASI, Inc. sued the Hong Kong Insureds and others, including Defendants Aquawood and Dubinsky, in Case No. 19-CV-0763 (D. Minn.) ("ASI Action"), seeking to collect a prior judgment and accusing the Hong Kong Insureds of, generally, RICO violations, fraud, and—most importantly here—abuse of process. *Id.* ¶¶ 26, 29, 31. After the Hong Kong Insureds tendered the ASI Action to General Star for coverage under the General Star Policies, *id.* ¶ 4, General Star agreed to defend the Hong Kong Insureds under reservations of rights, *id.* ¶¶ 34–35. It has been defending the Hong Kong Insureds now for almost five years.

General Star sought a declaration there that the General Star Policies do not cover the ASI Action because the Personal and Advertising Injury Coverage Part of the General Star Policies is not triggered by the allegations in the ASI Action and, even if they did, an exclusion applies. *General Star Indemnity Co.*, 2025 WL 253413, at *7. As relevant here, the General Star Policies covered claims of "malicious prosecution." *Id.* at *2. According to General Star, however, "the abuse of process claim does not trigger coverage [under the policy term] and, regardless, that it would be excluded under" certain exclusions. *Id.* In January 2025, this Court agreed with General Star that "malicious prosecution" in the General Star Policies did not cover abuse of process. *See id.* at 7. As a result, General Star immediately withdrew its defense of the Hong Kong Insureds, even though the matter is on appeal and the ASI Action remains ongoing. ECF No. 34-2. The Hong Kong Insureds respectfully disagree with the order, have appealed to the United States Court of Appeals for the Eighth Circuit, and have sought a stay of the effect of the declaratory judgment pending appeal.

## THE PRESENT MATTER

Valley Forge Insurance Company ("Valley Forge") issued an insurance policy to Aquawood for the policy period of April 30, 2015, to April 30, 2016 (the "Policy"). ECF No. 1 ¶ 6. Aquawood and Dubinsky (the "Insureds") are insureds under the Policy. *Id.* ¶ 11.

In March 2019, ASI, Inc. sued the Insureds and others in this Court in Case No. 19-CV-0763 (D. Minn.) ("ASI Action"). *Id.* ¶ 14. After the Insureds tendered the ASI Action to Valley Forge for coverage under the Policy, Valley Forge agreed to defend the Insureds under reservations of rights. *Id.* ¶ 18.

Valley Forge now seeks a declaration here that the Policy does not cover the ASI Action because the Personal and Advertising Injury Coverage Part is not triggered by the allegations in the ASI Action and, even if they did, an exclusion applies. *Id.* ¶¶ 19–32.

Valley Forge filed a motion for judgment on the pleadings on February 19, 2025, ECF No. 17, and that motion remains pending at this time.

## THE STAY ORDER

The Insureds moved for a stay of these proceedings pending the resolution of the General Star Appeal. ECF No. 30. Following briefing and hearing, Judge Schultz ruled from the bench:

> . . . I'm going to deny the motion for a stay, and the reason for that are, I'll just walk through the factors.
>
> Whether the moving party has made a strong showing that they're likely to succeed on the merits. I don't believe that that showing has been made. I think if anything, the likely success on the merits cuts in favor of the insurers.

> Whether the applicant will be irreparably harmed, I don't believe there's a showing of irreparable harm here. Certainly, I'm not unaware of the fact that if this case proceeds to judgment on the pleadings and Judge Tunheim determines there is no coverage, that will, at least in the short term, result in some pain to the defendants, but I don't believe it amounts to irreparable injury without the stay.
>
> Issuance of the stay, will it substantially injure other parties? I wouldn't say it's substantial, but I would say that issuing a stay at this juncture would result in injury to the insurers in the sense that they will for sure continue to pay costs of defense, and they will not have a decision on the merits of the action for some time, so that is some level of injury to the insurers.
>
> Fourth, Garcia factor is where the public interest lies. I don't think the public interest is much implicated in this case. Really though, the other factors, the thing that is most persuasive to me in some ways is the question of judicial economy. At this point, the motions for judgment on the pleadings have been fully briefed. The discovery in the cases has been stayed pending a decision on the judgment on the motion for judgment on the pleadings.
>
> It is readily apparent to me that the most efficient use of judicial resources at this point is for those motions to proceed to resolution by Judge Tunheim.
>
> That all said, as we've all acknowledged, Judge Tunheim will decide them when Judge Tunheim decides to decide them, and so rather than I, as it were, take that choice away from him, I think that choice is better left to him.
>
> So the motion for a stay is denied. . . .

Hrg. Tr. 27:10–28:23. The Order precipitates these objections.

**STANDARD**

Under Rule 72(a), this Court "must consider timely objections [to a written order of the magistrate judge] and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *E.g.*, *United States ex rel. Higgins v. Boston Scientific Corp.*, No. 11-cv-2453, 2021 WL 2221576, at *1 (D. Minn. June 2, 2021) (reviewing magistrate judge's order imposing a Rule 37 sanction for clear error); *see also* 28 U.S.C. §

636(b)(1)(A); D. Minn. LR 72.2(a). "A finding is clearly erroneous when 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Lisdahl v. Mayo Found.*, 633 F.3d 712, 717 (8th Cir. 2011) (citation omitted). "A decision is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008) (quotation marks and citation omitted).

## ARGUMENT

"A trial court has broad discretion to stay all proceedings in an action pending the resolution of independent proceedings elsewhere." *Fonville v. District of Columbia*, 766 F. Supp. 2d 171, 172 (D.D.C. 2011) (citation omitted). That discretion is part of the district courts' inherent authority to control their dockets. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *see also Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013) (citation omitted). When an appeal is pending in a similar case, district courts have exercised their discretion to stay actions pending decisions of appellate courts. *See, e.g.*, *Garcia v. Target Corp.*, 276 F. Supp. 3d 921, 926 (D. Minn. 2016).

Courts generally consider the following factors when determining whether to grant a stay of proceedings based on the outcome of another case on appeal:

- The potential impact of the appellate decision on the pending case;
- The hardship or inequity that a party may suffer if required to proceed; and

- The interest of judicial economy and efficiency.

*See Clinton v. Jones*, 520 U.S. 681, 706 (1997) (noting that courts have discretion to stay proceedings when doing so serves the interest of justice and efficiency). Each of these factors weighs in favor of granting a stay here. In deciding whether to stay a decision pending an appeal in a similar case, judges in this district have also considered:

- the effect of the decision on the scope of discovery;
- whether a stay would conserve judicial resources, clarify the law, and aid in the court in making a decision on the merits;
- whether a stay would prejudice the plaintiff;
- whether a stay would reduce the burden of litigation on the parties;
- the anticipated length of the stay; and
- absent a stay, whether the defendant would suffer hardship.

*Garcia v. Target Corp.*, 276 F. Supp. 3d 921, 924 (D. Minn. 2016) (citation omitted) (also considering factors relevant to a Rule 62 analysis). These factors likewise weigh in favor of a stay.

## I. The Order should be overruled because it is clearly erroneous and contrary to law.

The Order misapplies the governing legal standard and disregards compelling reasons for staying the litigation pending resolution of dispositive coverage issues in the *General Star* Appeal.

### A. The Order misapplies the legal standard for issuing a stay.

The Order appears to apply almost exclusively a preliminary-injunction-like standard, weighing factors such as the likelihood of success on the merits and irreparable

harm. While it is true that courts in this district consider these factors, they do not do so in isolation. *See id.* Rather, courts assessing motions to stay pending resolution of insurance coverage disputes often apply a broader discretionary standard focused on judicial economy, hardship to the parties, and the interests of justice. *See, e.g.*, *id.* To the extent the Order rigidly applies factors specific to an equitable standard, it is contrary to law.

### B. The Order clearly errs in concluding there is no irreparable harm.

The Order acknowledges that, absent a stay, the Insureds could face a judgment on the pleadings that would foreclose coverage, resulting in "some pain." Hrg. Tr. 27:23. However, the Order fails to grapple with the fact that such a ruling could result in unrecoverable defense and indemnity expenses and prejudice to the Insureds' ability to litigate the underlying case while defending themselves without coverage. These consequences constitute irreparable harm.

### C. The Order, while ostensibly also giving significant weight to judicial economy, is inconsistent with other principles of judicial economy.

The Order acknowledges that the motion for judgment on the pleadings is fully briefed and that discovery is already stayed. Hrg. Tr. 28:12–15. Yet, the Order's conclusion that denying the stay would promote judicial economy is inconsistent in that proceeding with dispositive briefing on the merits—while insurance coverage issues remain unresolved in the *General Star* Appeal and its potential progeny—risks wasteful expenditures of resources on litigation that may ultimately be rendered moot or need to be repeated if there is no coverage. Granting a stay would avoid potentially squandering unnecessary judicial and party resources. *See Garcia*, 276 F. Supp. 3d at 925 (finding that

where liability may be clearer following an appellate decision, a stay was justified to simplify disputed issues, conserve judicial resources, clarify the law, aid the Court in making a decision on the merits, and better guide the scope of discovery following the stay); *Clinton*, 520 U.S. at 706; *In re PG&E Corp. Sec. Litig.*, 100 F.4th 1076, 1085–86 (9th Cir. 2024) (identifying "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law" as a factor to consider in deciding whether to issue a stay) (citation omitted).

Moreover, the Order emphasized that "Judge Tunheim will decide [the motion] when Judge Tunheim decides to decide [it]," suggesting the Court lacks control over timing or otherwise can deny the motion as a sort of pocket veto of relief. *See* Hrg. Tr. 28:19–23. But this does not support denying the stay; rather, it underscores the uncertainty and potential prejudice that weighs in favor of pausing this litigation.

### II. The Order clearly errs in failing to give any weight to the likelihood that a decision in the *General Star* Appeal will have a controlling impact on this case.

The *General Star* Appeal involves legal issues that are central to the resolution of this matter. There, the principal question is whether under Minnesota or California law a claim for abuse of process in an underlying action triggered the insurer's duty to defend and indemnify under an insurance policy providing coverage for "malicious prosecution." *See Gen. Star*, 2025 WL 253413, at *1. Similarly, in this case, Valley Forge seeks a declaration that it can deny coverage based on policy terms similar to those invoked by General Star, arguing that coverage for ASI's claims in the ASI Action is barred because the Policies cover claims of "malicious prosecution," not abuse of process. ECF No. 19 at

6–8. The efficiency gains from certainty and clarity in the law yielded by a decision in the *General Star* Appeal favor a stay.

To start with, the Eighth Circuit's decision in the *General Star* Appeal is likely to have at least partially controlling effect here. A non-insured defendant there insisted that California law should govern; the insureds urged the court to apply Minnesota law. *See Gen. Star*, 2025 WL 253413, at *3. Although the Court conducted a choice-of-law analysis, it concluded that "no conflict [existed] between California and Minnesota law." *Id.* In the end, the Court predicted under Minnesota law that an insurance policy providing coverage for "malicious prosecution" did not encompass abuse-of-process claims. *See id.* at *7; *see Cotton v. Commodore Exp., Inc.*, 459 F.3d 862, 864 (8th Cir. 2006) ("When there is no state supreme court case directly on point, our role is to predict how the state supreme court would rule if faced with the issues before us."). To the extent that Minnesota law applies to any Insured in this case—and discovery may be necessary to resolve that question—the *General Star* Appeal will likely have controlling effect in this case. *See Calzone v. Summers*, 942 F.3d 415, 427 (8th Cir. 2019) ("In the absence of a controlling Supreme Court decision to the contrary, the district court as well as any panel of this court, was bound to apply this circuit's precedent.").

However, applying California law, the United States Court of Appeals for the Ninth Circuit has held that "malicious prosecution" covers abuse-of-process claims. *See Lunsford v. Am. Guarantee & Liab. Ins. Co.*, 18 F.3d 653, 656 (9th Cir. 1994). But the Court in *General Star* rejected *Lunsford*, reasoning that "if the issue were determined today on first impression, the California Supreme Court would follow the national trend and find

that the term 'malicious prosecution' unambiguously excludes abuse of process." *Gen. Star*, 2025 WL 253413, at *4; *see Cotton v. Commodore Exp., Inc.*, 459 F.3d 862, 864 (8th Cir. 2006) ("When there is no state supreme court case directly on point, our role is to predict how the state supreme court would rule if faced with the issues before us.").

This case likewise presents the question of whether this Court should heed *Lunsford* or predict that the California Supreme Court would hold otherwise. *Cf. Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case."). That is because, although discovery may be needed on the choice-of-law question, California law may apply to the Insureds. As Valley Forge alleges, Aquawood is a California entity and Dubinsky resides in California, *see* ECF No. 1 ¶¶ 7–8, and the strength of Minnesota's contacts are weaker than their contacts with California. Because the policies at issue were issued to the Insureds in California, that state's law likely govern. *See Interco Inc. v. Mission Ins. Co.*, 808 F.2d 682, 684 (8th Cir. 1987) ("The law of the state where an insurance contract is issued controls the substantive rights of the parties."). If the Eighth Circuit addresses California law in the *General Star* Appeal, it will have binding effect as to the Insureds. *See Calzone*, 942 F.3d at 427. That factor argues for a stay.

At bottom, proceeding in this case before the *General Star* Appeal is resolved risks unnecessary litigation and potential reconsideration of this Court's rulings, justifying a stay in the interest of judicial economy. *See Garcia*, 276 F. Supp. 3d at 924 (entering a stay where appellate decision "may simplify disputed issues and conserve judicial recourses,

clarify the law, and aid the Court in making a decision on the merits"). A ruling in the *General Star* Appeal will likely provide binding authority that could significantly narrow or resolve issues in this case, and thus, staying this case will prevent potentially unnecessary or inconsistent rulings. *See Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court."); *see Garcia*, 276 F. Supp. 3d at 926**;** *Fonville*, 766 F. Supp. 2d at 173; *see also Collins Radio Co. v. Ex-Cell-O Corp.*, 467 F.2d 995, 1000 (8th Cir. 1972). The Court should stay this case.

## III. Valley Forge will not suffer prejudice from a temporary stay—in fact, both sides, contrary to the Order's finding that the insurers will experience "some level" of injury, may be harmed by the absence of a stay.

A stay would not unduly prejudice Valley Forge. Rather, it would benefit both parties by avoiding duplicative or unnecessary legal costs. *See Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (opining that a stay can be appropriate when there is no fair possibility that the stay will damage someone else); *see also Garcia*, 276 F. Supp. 3d at 925 (stating that concerns about the preservation of evidence can be addressed, "even with a stay"). Courts generally deny stays when they result in prolonged or indefinite delays that disadvantage one party. *See Dependable Highway Exp.*, 498 F.3d at 1066–67. Yet here the appellate case is already underway, and

a decision is expected within a reasonable timeframe. ECF No. 34-3. In such circumstances, a temporary stay will not cause undue delay but will instead allow the Court to issue rulings that are more informed, more focused, less susceptible to reconsideration—and thus less likely to result in unnecessary litigation expense.

## CONCLUSION

For the reasons stated, the Court should overrule and vacate the Order and enter an order granting a stay of these proceedings pending resolution of the *General Star* Appeal.

FREDRIKSON & BYRON, P.A.

Dated: May 14, 2025

/s/ *Brandon R. Underwood*
Brandon R. Underwood, #0402323
Sarah B. Golwitzer (*pro hac vice*)
111 East Grand Avenue, Suite 301
Des Moines, Iowa 50309
Telephone: (515) 242-8900
bunderwood@fredlaw.com
sgolwitzer@fredlaw.com

***Attorneys for the Insureds***

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 14, 2025, the foregoing document was served upon counsel through the Court's CM/ECF electronic filing system.

*/s/ Christina Laage*