UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

VALLEY FORGE INSURANCE COMPANY,

                     Plaintiff,

v.

AQUAWOOD, LLC and BRIAN DUBINSKY,

                     Defendants.

Civil No. 24-3769 (JRT/DTS)

**MEMORANDUM OPINION AND ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER**

---

Leland Partick Abide and Ruth S. Marcott, **KUTAK ROCK LLP**, 60 South Sixth Street, Suite 3400, Minneapolis, MN 55402, for Plaintiff.

Brandon Underwood and Sarah Beth Golwitzer, **FREDRIKSON & BYRON**, 111 East Grand Avenue, Suite 301, Des Moines, IA 50309, for Defendants.

After several years of defending its insureds under reservation of rights, Plaintiff Valley Forge Insurance Company ("Valley Forge") seeks a legal declaration that it has no duty to defend or indemnify its insureds in the underlying action. The Court answered the precise interpretive question at issue here in a similar case, *General Star Indem. Co. v. Toy Quest Ltd.* ("*General Star*"), No. 22-2258, 2025 WL 253413 (D. Minn. Jan. 21, 2025). But Defendants Aquawood, LLC and Brian Dubinsky asked the Court to refrain from deciding that same interpretive issue in this action pending the outcome of the appeal in *General Star*. Magistrate Judge David T. Schultz denied Defendants' motion to stay, and Defendants appealed that decision to this Court. Because the Magistrate Judge did not

clearly err in denying Defendants' motion to stay, the Court will overrule Defendants' appeal and affirm the Magistrate Judge's order.

## BACKGROUND

When Defendants were sued for abuse of process in *ASI, Inc. v. Aquawood, LLC, et al.*, No. 19-763 ("ASI Action"), they tendered the action to their insurance provider, Valley Forge. (Compl. ¶¶ 3, 15, 17, 21, Sept. 30, 2024, Docket No. 1.) Valley Forge has been defending Defendants under reservation of rights. (*Id.* ¶¶ 9, 18.)

Valley Forge also filed this action seeking a declaration from the Court that it has no duty to defend or indemnify the Defendants in the underlying ASI Action because the claim for abuse of process does not trigger policy coverage for malicious prosecution. (*Id.* ¶¶ 22, 29; Pl.'s Mem. Supp. Mot. J. Pleadings at 2, Feb. 19, 2025, Docket No. 19.)

Prior to Valley Forge filing this action, the Court addressed virtually an identical issue in *General Star*. Under the same policy language, the Court determined that General Star had no duty to defend or indemnify its insureds because malicious prosecution unambiguously meant only malicious prosecution and accordingly the claim for abuse of process did not trigger insurance coverage. *General Star*, 2025 WL 253413, at *6–7. An appeal of that decision is currently pending before the Eighth Circuit. (No. 22-2258, Notice of Appeal, Feb. 11, 2025, Docket No. 123.)

Shortly after Valley Forge filed its motion for judgment on the pleadings, Defendants filed a motion to stay proceedings pending the outcome of the *General Star* appeal. (Mot. to Stay, Mar. 21, 2025, Docket No. 30.) The Magistrate Judge denied

Defendants' motion to stay from the bench. (Order, Apr. 30, 2025, Docket No. 42.) Defendants timely appealed that denial. (Appeal/Obj. of Magistrate Judge Decision, May 14, 2025, Docket No. 46.)

In the meantime, the parties agreed to stay discovery pending the outcome of Valley Forge's motion for judgment on the pleadings, (Stipulation to Stay Disc., Mar. 12, 2025, Docket No. 23,) and the motion for judgment on the pleadings has been fully briefed and argued, (Min. Entry, July 14, 2025, Docket No. 50.)

## DISCUSSION

### I. STANDARD OF REVIEW

Magistrate judges may hear and determine certain pretrial matters under the Federal Magistrate Judges Act. 28 U.S.C. § 636(b)(1)(A); *accord* D. Minn. LR 72.1(a)(2). The standard of review applicable to an appeal of a magistrate judge's order on non-dispositive pretrial matters is extremely deferential. *Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007). The Court will reverse such an order only if it is clearly erroneous or contrary to law. *Id.*; 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a)(3)(A). "A finding is clearly erroneous when 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Lisdahl v. Mayo Found.*, 633 F.3d 712, 717 (8th Cir. 2011) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)). "A decision is contrary to law when it fails to apply or misapplies relevant statutes, case

law or rules of procedure." *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008) (quotation omitted).

## II. ANALYSIS

Defendants argue that the Magistrate Judge clearly erred because he did not consider the broad factors described in *Garcia v. Target Corp.*, found no irreparable harm to Defendants, inadequately considered judicial economy, failed to give weight to the impact of the *General Star* appeal decision, and erroneously determined that Valley Forge would be prejudiced. Each alleged error will be taken in turn.

### A. Stay Factors

The Magistrate Judge did not clearly err in the factors he considered in evaluating Defendants motion to stay.

The power to issue a stay is within the discretion of the court "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). *Garcia v. Target Corp.* delineates several factors for the court to consider in exercising its discretion to enter a stay pending appeal. 276 F. Supp. 3d 921, 924 (D. Minn. 2016). The *Garcia* court began by listing the following factors:

> the effect of the decision on the scope of discovery; whether a stay would conserve judicial resources, clarify the law, and aid in the court in making a decision on the merits; whether a stay would prejudice the plaintiff; whether a stay would reduce the burden of litigation on the parties; the anticipated length of the stay; and absent a stay, whether the defendant would suffer hardship.

*Garcia*, 276 F. Supp. 3d at 924. *Garcia* then described those factors as consistent with the "standard factors": namely likelihood of success on the merits, irreparable injury to the movant, balance of equities, and public interest ("Standard Factors"). *Id.* Finally, *Garcia* discussed consideration of "maintaining control of [the Court's] docket, conserving judicial resources, and providing for the just determination of cases pending before the court." *Id.*

First, Defendants present no evidence to suggest that in all cases, all factors must specifically be considered. Instead, Defendants argue that courts "often apply a broader discretionary standard focused on judicial economy, hardship to the parties, and the interests of justice." (Defs.' Mem. Supp. Appeal Magistrate Judge Order at 8, May 14, 2025, Docket No. 46.) Accordingly, even if the Magistrate Judge had rigidly applied the Standard Factors, the Court is not convinced that would have been clear error. *Cf. Kent v. Bank of Am., N.A.*, No. 11-2315, 2012 WL 12895016, at *1 (D. Minn. June 26, 2012) (applying only the Standard Factors to a motion to stay pending the appeal of other cases).

Second, even if the Magistrate Judge was required to consider factors other than the Standard Factors, the Court is satisfied he did so. For example, the Magistrate Judge specifically addressed the "efficient use of judicial resources" and the impact any stay would have on discovery. (Hr'g Tr. at 28:10–18, May 6, 2025, Docket No. 44.) The Magistrate Judge also acknowledged the "other factors" while delivering his ruling from

the bench. (*Id.* at 28:10.)  Furthermore, the transcript from the hearings shows that the Magistrate Judge engaged in prolonged discussion with the parties about the impact the Eighth Circuit's decision in *General Star* would have on this litigation.  (*See Id.* at 5:22–8:14.)  Accordingly, the Court finds clear evidence that the Magistrate Judge weighed factors outside the Standard Factors in denying Defendants' motion to stay.

Because the Magistrate Judge did not limit his analysis to Standard Factors and the Court is not convinced that doing so would have constituted clear error, the Court finds no clear error in the factors the Magistrate Judge considered.

**B.     Irreparable Harm**

The Magistrate Judge also did not clearly err in determining that Defendants are unlikely to suffer irreparable harm.  The Magistrate Judge did acknowledge that Defendants may suffer "some pain" absent a stay, but that the harm failed to rise to the level of irreparable.  (Hr'g Tr. at 27:23.)  In response, Defendants cite to "unrecoverable defense and indemnity expenses" as well as "prejudice to the Insureds' ability to litigate the underlying case . . . without coverage." (Defs.' Mem. Supp. Appeal Magistrate Judge Order at 8.)

The party moving for a stay must show that irreparable harm will occur absent a stay.  *Landis*, 299 U.S. at 255.

Defendants alleged harms are precisely the kind that may remedied by money damages or are too speculative.  If Valley Forge withdrew its defense and it was later determined they had a duty to defend the abuse of process claims, Valley Forge could be

-6-

ordered to repay any costs expended by the Defendants in the meantime. As to the other "prejudice" that Defendants may suffer, the Court is unsure what that harm may even be and is not persuaded that the harm is likely to occur. Accordingly, the Magistrate Judge did not clearly err in determining that Defendants had not met their burden to show irreparable harm.

### C. Judicial Economy

Defendants' disagreement with the weight afforded to the various judicial economy considerations does not render the Magistrate Judge's conclusions clearly erroneous. The Magistrate Judge concluded that because the motion for judgment on the pleadings is fully briefed and discovery has been stayed, denying Defendants' motion to stay promoted judicial economy. Defendants instead argue that granting a stay would avoid wasting resources on litigation that may be mooted or need to be redone.

The motion for judgment on the pleadings is ripe for review. Issuing a decision in due course on a fully briefed, potentially dispositive motion will not squander efforts already expended but rather will promote judicial economy. The Magistrate Judge did not clearly err in his weight of the judicial economy in denying Defendants' motion to stay.

### D. *General Star* Decision

Defendants argue that the Magistrate Judge "failed to give any weight to the likelihood that a decision in the *General Star* Appeal will have a controlling impact on this case," but that allegation is belied by the hearing transcript. In fact, the Magistrate Judge

interrupted Defense Counsel shortly after he began to inquire about precisely this issue. (Hr'g Tr. at 5:22–6:3 ("[A]re . . . defendants willing to say however the Eighth Circuit goes, so goes these cases or is that not the case?").) Though the Magistrate Judge may not have given the impact of the *General Star* decision the weight Defendants would have liked, the Court is satisfied that the Magistrate Judge gave thoughtful consideration to the effect of the *General Star* appeal in in making his decision; thus, denying Defendants' motion to stay was not clearly erroneous.

### E.  Prejudice to Valley Forge

The Magistrate Judge did not clearly err in determining that a stay would prejudice Valley Forge. Defendants claim that a stay would in fact benefit Valley Forge by "avoiding duplicative or unnecessary legal costs." (Defs.' Mem. Supp. Appeal Magistrate Judge Order at 12.) However, Defendants acknowledged at the hearing that if Valley Forge continues to defend the Defendants in the underlying ASI Action and it is later determined that Valley Forge had no duty to defend, Valley Forge may not be able to recover the money expended on the defense. (Hr'g Tr. at 12:24–13:21.) The Magistrate Judge correctly concluded that Valley Forge would likely suffer prejudice if Defendants' motion to stay was granted. *Landis*, 299 U.S. at 255 (noting that damage to the non-movant must only be "a fair possibility").

## CONCLUSION

Defendants want to delay the Court's ruling on Valley Forge's motion for judgment on the pleadings pending resolution of the *General Star* appeal. The Magistrate Judge,

-8-

however, determined that the factors did not support issuing a stay. Defendants cite several alleged errors by the Magistrate Judge in reaching his conclusion, but the Court finds no clear error. Accordingly, the Court will overrule Defendants' appeal and affirm the Magistrate Judge's order denying Defendants' motion to stay.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Appeal/Objection of Magistrate Judge Decision [Docket No. 46] is **OVERRULED**.

2. Magistrate Judge Order [Docket No. 42] is **AFFIRMED**.

DATED: August 18, 2025
at Minneapolis, Minnesota.

                                                        JOHN R. TUNHEIM
                                         United States District Judge