UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

VALLEY FORGE INSURANCE COMPANY,

                    Plaintiff,

v.

AQUAWOOD, LLC and BRIAN DUBINSKY,

                    Defendants.

Civil No. 24-3769 (JRT/DTS)

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Leland Partick Abide and Ruth S. Marcott, **KUTAK ROCK LLP**, 60 South Sixth Street, Suite 3400, Minneapolis, MN 55402, for Plaintiff.

Brandon Underwood and Sarah Beth Golwitzer, **FREDRIKSON & BYRON**, 111 East Grand Avenue, Suite 301, Des Moines, IA 50309, for Defendants.

Plaintiff Valley Forge Insurance Company ("Valley Forge") filed this action seeking a declaration that Aquawood, LLC ("Aquawood") and Brian Dubinsky's insurance policy does not require defense or indemnification for claims of abuse of process. As the Court determined in *General Star Indem. Co. v. Toy Quest Ltd.* ("*General Star*"), No. 22-2258, 2025 WL 253413 (D. Minn. Jan. 21, 2025), under Minnesota law, a policy that covers only malicious prosecution does not extend to claims for abuse of process. Because the abuse of process claim does not trigger policy coverage, Valley Forge has no duty to defend or indemnify, and the Court will grant Valley Forge's motion for judgment on the pleadings.

## BACKGROUND

Valley Forge issued a general commercial liability insurance policy ("Valley Forge Policy") to Aquawood and its sole member Brian Dubinsky with a policy period from April 30, 2015, to April 30, 2016. (Compl. ¶¶ 7, 10–11, Sept. 30, 2024, Docket 1.) In an attempt to recover a large judgment, ASI, Inc. ("ASI") filed an action, *ASI, Inc. v. Aquawood, LLC, et al.*, No. 19-763 ("ASI Action"), against the Defendants and others—alleging violations of the Racketeer Influenced and Corrupt Organizations Act, fraud, and abuse of process. (*Id.* ¶¶ 14–17.) After being sued for abuse of process in the underlying ASI Action, Defendants tendered the ASI Action to Valley Forge for defense and indemnification under their insurance policy. (*Id.* ¶ 3.)

The Valley Forge Policy covers "Personal and advertising injury" including among other offenses "malicious prosecution." (*Id.* ¶ 10, Ex. 1 ("Policy") § F.14(b).) The Valley Forge Policy does not provide coverage for abuse of process claims. (*Id.*)

Valley Forge has been defending the Defendants under reservation of rights but now seeks a declaration from the Court that the Valley Forge Policy is not triggered by any claims in the underlying ASI Action.[1] (Compl. ¶¶ 18, 22, 24; Mot. J. Pleadings, Feb. 19, 2025, Docket No. 17.) Valley Forge further argues that even if the Valley Forge Policy

---

[1] Defendants urge the Court to deny the motion for judgment on the pleadings simply because they listed affirmative defenses. The Court will not delay its ruling on this motion, however, as the affirmative defenses do not raise any material issues of fact. *S. Glazer's Wine & Spirits, LLC v. Harrington*, 594 F. Supp. 3d 1108, 1119–20 (D. Minn. 2022).

was triggered, an exclusion applies.  (Compl. ¶ 23.)  Valley Forge additionally seeks a declaration that it has no duty to indemnify the Defendants.  (*Id.* ¶ 31.)

Valley Forge relies on the Court's recent *General Star* decision.  Under identical policy language, the Court granted General Star Indemnity Co.'s ("General Star") motion for judgment on the pleadings and ruled that malicious prosecution in General Star's policy did not extend to claims for abuse of process.  *General Star*, 2025 WL 253413, at *1.

## DISCUSSION

### I.      STANDARD OF REVIEW

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed . . . a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  The Court analyzes a motion for judgment on the pleadings under the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Ashley County v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).

In reviewing a motion to dismiss, the Court considers all facts alleged in the complaint as true to determine if the complaint states a "claim to relief that is plausible on its face."  *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  The Court "accept[s] as true all facts pleaded by the non-moving party and grant[s] all reasonable inferences from the pleadings in favor of the non-moving party."  *Syverson v. FirePond, Inc.,* 383 F.3d 745, 749 (8th Cir. 2004) (quoting *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458,

462 (8th Cir. 2000)). However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). In other words, a complaint "does not need detailed factual allegations" but must include more "than labels and conclusions, and a formulaic recitation of the elements" to meet the plausibility standard. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law." *Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir. 2006).

## II.   ANALYSIS

Insurance contract interpretation is a matter of state law. *Capella Univ., Inc. v. Exec. Risk Specialty Ins. Co.*, 617 F.3d 1040, 1045 (8th Cir. 2010). As such, prior to determining the scope of coverage under the Valley Forge Policy, the Court must first determine which state's substantive law applies. The Court conducted this analysis in *General Star* and the analysis applies with equal force here, but for completeness, the Court will conduct the analysis again.

### A.   Choice of Law

Valley Forge argues that Minnesota law applies, but the Defendants urge the Court to apply California law.

As Minnesota is the forum state, its choice of law rules govern. *C.H. Robinson Worldwide, Inc. v. Traffic Tech., Inc.*, 60 F.4th 1144, 1149 (8th Cir. 2023). Under those choice of law rules, the Court first determines whether there is actually a conflict; only if

a conflict exists will the Court then apply a significant contacts test to determine which law to apply. *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1123–24 (8th Cir. 2012).[2]

The Court finds no conflict between California and Minnesota law and that therefore Minnesota law should apply. However, even assuming a conflict existed, Minnesota's significant contacts test commands the Court to apply Minnesota law.

### 1. Conflict

The Court must first determine if the laws of the two states actually conflict. *Phillips v. Marist Soc. of Wash. Province*, 80 F.3d 274, 276 (8th Cir. 1996). The laws conflict when the choice is outcome determinative. *Whitney*, 700 F.3d at 1123.

California and Minnesota both interpret insurance contracts such that if a term is unambiguous, it must be enforced according to that unambiguous meaning. *Compare Murray v. Greenwich Ins. Co.*, 533 F.3d 644, 648 (8th Cir. 2008) (describing Minnesota contract interpretation), *with Palmer v. Truck Ins. Exch.*, 988 P.2d 568, 572–73 (Cal. 1999) (describing California contract interpretation). However, as the parties acknowledge, California and Minnesota may differ in determining whether "malicious prosecution" is ambiguous.

---

[2] The Court is also required to determine that any potential substantive law satisfies the Constitution. *Whitney*, 700 F.3d at 1123. But neither party disputes the constitutionality of Minnesota or California law, and both states clearly have sufficient contacts to satisfy the constitution, so either state's substantive law could clear this hurdle. *Allstate Ins. Co. v. Hague*, 449 U.S. 302, 312–13 (1981).

The Ninth Circuit, in attempting to predict what the California Supreme Court would do, has interpreted malicious prosecution in insurance contracts as covering abuse of process. *Lunsford v. Am. Guarantee & Liab. Ins. Co.*, 18 F.3d 653 (9th Cir. 1994). But the California Supreme Court has not decided the issue.[3] In the thirty years since the *Lunsford* decision, courts have been moving in the other direction: finding malicious prosecution in these types of contracts to unambiguously exclude abuse of process because any other outcome would "run[] headlong into . . . the plain language of the Policy." *Travelers Indem. Co. of Conn. v. Univ. Hall Condo. Owners Ass'n*, No. 18-3551, 2020 WL 1508907, at *4–6 (D.D.C. Mar. 30, 2020); *see also Hinkle v. State Farm Fire & Cas. Co.*, 308 P.3d 1009, 1015 (N.M. Ct. App. 2013) ("*Lunsford* appears to state a minority position, and the majority of courts have reached the opposite conclusion."). Albeit in a different context, a California Court of Appeals recently noted that *Lunsford* does not mean that the term malicious prosecution is categorically ambiguous, signaling a willingness to depart from *Lunsford*. *Travelers Prop. Cas. Co. of Am. v. KLA-Tencor Corp.*, 258 Cal. Rptr. 3d 545, 550 (Cal. Ct. App. 2020). Therefore, the Court believes that if the issue were determined today on first impression, the California Supreme Court would

---

[3] Furthermore, as a federal district court sitting in the Eighth Circuit, the Court is not bound by the Ninth Circuit's interpretation of California law.

follow the national trend and find that the term "malicious prosecution" unambiguously excludes abuse of process.[4]

The Minnesota Supreme Court also has not spoken on this issue. For similar reasons, however, the Court predicts that Minnesota would also follow the national trend and find malicious prosecution to unambiguously exclude a duty to defend abuse of process claims.

Because the outcome would be the same under either state, no conflict results and the Court can apply Minnesota law without further analysis. But even in the face of an outcome determinative conflict, a choice of law analysis counsels applying Minnesota law.

### 2. Significant Contacts Test

In determining which of two states' laws apply, Minnesota applies the law of the state with the most "significant contacts," specifically considering five factors: "(1) predictability of result; (2) maintenance of interstate and international order; (3) simplification of the judicial task; (4) advancement of the forum's governmental interest;

---

[4] Defendants rely on *Burns v. LNVN Funding LLC* to suggest that *Lunsford* does not represent an outdated opinion. But *Burns* is Fair Debt Collection Practices Act case and only addresses malicious prosecution and abuse of process to compare that plaintiff's harms with recognized common law harms. No. 3:23-355, 2024 WL 4529032, at *6, 6 n.9 (D. Or. Oct. 18, 2024). *Burns* does not address the terms malicious prosecution and abuse of process in the context of a general commercial liability insurance coverage. *Id.* at *6. Furthermore, *Lunsford* is binding on the District of Oregon but not binding on the California Supreme Court or this Court. *Burns* does not raise doubts about the trending divergence from *Lunsford*.

and (5) application of the better rule of law." *Whitney*, 700 F.3d at 1124. Each factor will be taken in turn.

### a. Predictability of Result

When analyzing predictability of result in contract choice of law disputes, the importance lies in the parties receiving the "benefit of their bargain." *Jepson v. Gen. Ca. Co. of Wisc.*, 513 N.W.2d 467, 470 (Minn. 1994). Essentially, the Court must divine what law the parties expected would apply at the time of the agreement. *Rapp v. Green Tree Servicing, LLC*, 302 F.R.D. 505, 517 (D. Minn. 2014). With nationally applicable contracts, courts have used the home states of the contracting parties to narrow this analysis. *Nat'l Union Fire Ins. Co. of Pittsburg v. Donaldson Co.*, 272 F. Supp. 3d 1099, 1111 (D. Minn. 2017).

The potential home states of the contracting parties are California, Pennsylvania, and Illinois. Defendants' home state is California. Valley Forge is incorporated in Pennsylvania but headquartered in Illinois.[5] Minnesota is not the home state of any contracting party.

The Valley Forge covered Defendants' potential litigation exposure throughout the United States. The lack of a specific forum indicates that the parties believed litigation may occur in many locations. But because California is the home state of Defendants and

---

[5] Pennsylvania and Illinois were never suggested as potential choices of law.

the Valley Forge Policy includes a notice about California law, the Court finds this factor tilts toward applying California law.

### b. Maintenance of Interstate and International Order

The maintenance of interstate order factor aims to avoid "manifest disrespect for [California's] sovereignty or imped[iments to] the interstate movement of people and goods." *Wohlert v. Hartford Fire Ins. Co.*, No. 12-54, 2013 WL 1249214, at *6 (D. Minn. Mar. 27, 2013) (quotation omitted). Courts should consider the contacts states have to the "facts and issues being litigated," *Sigler v. Ecolab, Inc.*, 625 F. Supp. 3d 789, 802 (D. Minn. 2022), and should attempt to prevent forum shopping, *Johannessohn v. Polaris Indus., Inc.*, 450 F. Supp. 3d 931, 964 (D. Minn. 2020).

Without question, Minnesota has the strongest contacts to this action. California is the home state of Defendants, and the Valley Forge Policy briefly references California law, but the ASI Action and underlying allegations all took place outside of California. The action Valley Forge is being asked to defend is venued in Minnesota. The allegations in the ASI Action relate to conduct in Minnesota, Tennessee, and New Jersey—not California. Further, the judgment from which ASI contends the Defendants are abusing the process to avoid paying was issued in Minnesota. So much of the underlying actions have taken place in Minnesota that it is reasonable and rational to file this action in Minnesota, and not likely a result of forum shopping.

Defendants argue that the Court should focus on the contacts of the interpretative dispute, essentially divorcing the interpretation question from the underlying ASI Action.

But the Court is specifically instructed to compare the allegations in the underlying complaint and the language in the insurance policies. *Ross v. Briggs & Morgan*, 540 N.W.2d 843, 847 (Minn. 1995). So, the policy interpretation dispute is intertwined with the underlying ASI Action, which Defendants concede has significant contacts to Minnesota.

Because California has almost no contacts with the dispute and Minnesota has strong contacts, this factor firmly weighs in favor of applying Minnesota law.

### c. Simplification of the Judicial Task

This factor is typically neutral because courts can easily apply the laws of other jurisdictions. *Hughes v. Wal-Mart Stores, Inc.*, 250 F.3d 618, 620 (8th Cir. 2001). However, some courts have noted this factor as favoring Minnesota because undoubtably it will be easier for a Minnesota court to apply Minnesota Law. *Medtronic, Inc. v. Advanced Bionic Corp.*, 630 N.W.2d 438, 455 (Minn. Ct. App. 2001). Because basic contract interpretation is familiar to courts everywhere this factor is neutral.

### d. Advancement of the Forum's Governmental Interest

The fourth factor is typically an analysis of the "relative policy interests of the two states." *Blake Marine Grp. v. CarVal Invs., LLC*, 829 F.3d 592, 596 (8th Cir. 2016) (quotation omitted). Defendants argue California has an interest in providing them coverage as residents of that state (assuming *arguendo* that California courts would even agree with them). But this is not a tort claim, where perhaps the public policy argument might be stronger. In contract interpretation disputes, both Minnesota and California aim to have

insurance policies interpreted fairly and ambiguities resolved in favor of the insured, so their interests would be served regardless of which substantive law applies. *See also Jepson*, 513 N.W.2d at 472 (noting Minnesota's demonstrated interest in parties getting "the benefit of the contracts they enter into, nothing less and nothing more"). This factor is neutral.

### e. Application of the Better Rule of Law

The better rule of law factor is only evaluated if the previous four factors are inconclusive. *Danielson v. Nat'l Supply Co.*, 670 N.W.2d 1, 9 (Minn. Ct. App. 2003). Two factors are neutral, one favors California law, and one favors Minnesota. The better rule of law is the one that makes "good socio-economic sense for the time when the court speaks." *Jepson*, 513 N.W.2d at 473. The Eighth Circuit has endorsed the position that one law can be considered better when the conflicting law is "archaic and unfair." *See Hughes*, 250 F.3d at 621 (describing the better rule of law prong under Arkansas law which uses the same five factor test as Minnesota). The Ninth Circuit's interpretation of malicious prosecution does not warrant the label of "archaic and unfair," but it certainly does not align with changing interpretations.[6] *See Travelers Indem. Co. of Conn.*, 2020 WL 1508907, at *4–6 (collecting cases). As such, the application of the better rule of law

---

[6] The Ninth Circuit in *Lunsford* relied on the reasoning in *Koehring Co. v. Am. Mut. Liab. Ins. Co.*, 564 F. Supp. 303, 311 (E.D. Wis. 1983) for support that the distinction between malicious prosecution and abuse of process is unclear. However, Wisconsin has since ruled differently. *Heil Co. v. Hartford Acc. & Indem. Co.*, 937 F. Supp. 1355, 1363 n.4 (E.D. Wis. 1996).

-11-

supports applying Minnesota law because it allows the Court to ensure that the law represents the most up to date understanding of malicious prosecution in nationwide insurance contracts.

\*     \*     \*

In sum, Minnesota law should apply. The Court does not find a conflict because notwithstanding the holding in *Lunsford*, the Court believes that the California Supreme Court would likely evaluate malicious prosecution to unambiguously exclude abuse of process. The Court predicts the Minnesota Supreme Court would reach the same conclusion. However, even assuming a conflict exists, the choice of law analysis directs the Court to apply Minnesota law. Thus, the Court will apply Minnesota law.

### B.     Policy Coverage

Having determined that Minnesota law applies, the Court now evaluates the contract to determine whether the claim for abuse of process triggers Valley Forge's duty to defend the Defendants in the underlying ASI Action.

A duty to defend lies in the contract between the parties. *Prahm v. Rupp Constr. Co.*, 277 N.W.2d 389, 390 (Minn. 1979). Courts compare the allegations in the complaint and the language of the contract to determine whether a duty to defend arises. *Ross*, 540 N.W.2d at 847. This duty is triggered if any part of the claims in the underlying case is "arguably" within the scope coverage. *Jostens, Inc. v. Mission Ins. Co.*, 387 N.W.2d 161, 165–66 (Minn. 1986).

The only claim in the ASI action that requires evaluation is the abuse of process claim. The only term in the insurance contract that could require a duty to defend against the abuse of process claim is malicious prosecution.

Insurance contract terms are given their plain and ordinary meaning if they are "clear and unambiguous." *Eng'g & Constr. Innovations, Inc. v. L.H. Bolduc Co., Inc.*, 825 N.W.2d 695, 704 (Minn. 2013). Clarity and unambiguity are evaluated from the perspective of the lay person, not an industry expert. *Jaunich v. State Farm Life Ins. Co.*, 569 F. Supp. 3d 912, 916 (D. Minn. 2021). Ambiguity exists only when terms are susceptible to more than one reasonable interpretation and ambiguities are resolved in favor of coverage. *Jenoff, Inc. v. N.H. Ins. Co.*, 558 N.W.2d 260, 262 (Minn. 1997); *Depositors Ins. Co. v. Dollansky*, 919 N.W.2d 684, 689 (Minn. 2018). The question therefore becomes whether a reasonable insured would have understood "malicious prosecution" to encompass abuse of process.

In Minnesota, abuse of process and malicious prosecution share similarities but are distinct torts. *See, e.g.*, *Dunham v. Roer*, 708 N.W.2d 552, 572 n.5 (Minn. Ct. App. 2006). The parties here chose to list specific, enumerated torts in the contract. In doing so, they included malicious prosecution and omitted abuse of process. It is not reasonable that an average insured would understand a commercial general liability policy that required a duty to defend against specific, enumerated claims would also cover additional, unstated claims, even if legally similar. *See Lamoureux v. MPSC, Inc.*, 849 F.3d

737 (8th Cir. 2017) (discussing the application of expressio unius est exclusion alterius in contract interpretation).

Under the plain terms of the contract, the Court will find, as many other courts have done,[7] that malicious prosecution is unambiguous and means only malicious prosecution. Because abuse of process is not even arguably covered by the Valley Forge Policy, the duty to defend is not triggered. Accordingly, the Court will grant Valley Forge's motion for judgment on the pleadings and declare it has no duty to defend the Defendants in the underlying ASI Action.

Because the Court has determined that the Valley Forge Policy was never triggered, it need not address whether any exclusions apply. Additionally, the Court need not determine whether Valley Forge has a duty to indemnify because the duty to defend is broader than the duty to indemnify. *Fireman's Fund Ins. Co. v. Hartford Fire Ins. Co.*, 73 F.3d 811, 816 (8th Cir. 1996).

## CONCLUSION

Valley Forge has been defending Defendants in the underlying ASI Action under reservation of rights. Valley Forge has now asked the Court to declare that it has no duty to defend because a claim for abuse of process does not trigger policy coverage, as the

---

[7] *See Westminster Am. Ins. Co. v. Spruce 1530, LLC*, 853 F. App'x 793, 797 (3d Cir. 2021) (holding no duty to defend exists when malicious prosecution claim dismissed with prejudice and only abuse of process remained); *see also Travelers Indem. Co. of Conn.*, 2020 WL 1508907, at *6 (summarizing cases that exclude abuse of process from malicious prosecution).

-15-

Court determined in *General Star*. Because the Valley Forge Policy only includes a duty to defend malicious prosecution, not abuse of process, Valley Forge has no duty to defend. Accordingly, the Court will grant Valley Forge's motion for judgment on the pleadings.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Judgment on the Pleadings [Docket No. 17] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 18, 2025
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge